Good morning, Your Honor. Good morning. Darryl Parker, I'm appearing on behalf of an appellant, and I would like to reserve five minutes for rebuttal. Please watch the clock. There are three issues presented by this appeal. The first issue is whether or not if a defendant officer is dismissed on qualified immunity grounds, whether or not the jury can still conduct can be attributable to the city or the place where the officer works. The second issue is the information that was gathered by the defendants during the discovery process that violated the court's order and whether or not a hearing should have been held as to what effect that might have on the trial when it was discovered that that took place. And the third issue is whether or not there was probable cause for the issuance of the search warrant. Excuse me. And that's the issue that I want to focus on. The principal reason that we have the Fourth Amendment is I ask you a question, sir. It's Judge Pregerson. I don't understand the procedural posture of your arguments, and maybe you can clarify the probable cause issue. The trial court found that there was probable cause in the brought by the defendants, correct? Yes, Your Honor. And then later you had a jury trial where the issue, one of the issues before the jury was looking at the four corners of the affidavit that supported the search warrant, whether there was judicial deception, correct? Not looking at the four corners of the search warrant, but looking at whether there were omissions in the search warrant affidavit as a result of deception by the defendants. That matter was tried to the jury, and the jury found against us on that issue. I understand. So I'm trying to understand your theory of the case in terms of the significance of the jury judgment ruling. And again, you know, I don't know if it's in the record sufficiently, but in terms of how it was argued and how that matters in the context of an adverse finding against you on that judicial deception case. So just in terms of your theory of the deception or deliberately, we can't even prove negligent on that situation, Your Honor. We have to prove that the officer intentionally misled the magistrate either by failing to submit evidence that he should have submitted or by omitting critical evidence. The issue that I'm raising on appeal with this argument is that the affidavit for the search warrant in and of itself did not establish probable cause because the reliability and truthfulness standard can't be met because all of the information that went to the address was supplied by the defendant, and the defendant was a con artist. But what about his driver's license address? I mean, why isn't, that didn't come from him. That comes, I mean, maybe in some ultimate sense it came from him, but it, you know, it's an official document from the Department of Licensing. Why isn't there probable cause to believe that somebody lives at the address on his license? I'm sorry, Your Honor. In this case, it's not probable cause because you're dealing with a con man. In the affidavit itself, it talks about how he had fake documents, how he had fabricated IDs for FBI agents, how he had used fictitious names to perpetuate the scam, and that he had admitted that in his briefcase there were fraudulent or fake police documents. And so with that information, why would the magistrate rely on a driver's license without the evidence that the officer did any type of review to make sure that, too, was not a fake? So is it your suggestion that he might have given a fake address to the Department of Licensing when he got the license, or that the license that he had in his possession was not a genuine license, or either of those? Well, the second is what I'm emphasizing, is that this guy was creating all kind of fake documents. He created fake FBI documents in order to perpetuate the crime, and here he's found in possession of additional fake documents, and he's admitting that they're fake documents contained in his briefcase that go to law enforcement. So there's a question as to whether or not the driver's license that he submitted was a fake driver's license. And since there's no evidence in the affidavit that there was any check done to make sure that wasn't the case, we argue that's not probable cause. I put this gentleman in the same category as an informant. If the probable cause is based on what the officer sees, it's not really hearsay. What the officer verifies, it's not really hearsay. But when you're dealing with an informant, as he was to me an informant, there has to be some issue of reliability, and there has to be some issue of truthfulness. The totality of the circumstance standard did not do away with the reliability standard or the honesty standard that was articulated in both Aguilar and Spinelli. Those principles are still relevant, and those principles are still, they still matter. And they matter within the totality of the circumstances. And if you look at the totality of the circumstances in this case, this guy was a crook. He was a con artist, and he was dishonest. Well, those are, it seems like two different things. One, the cases where you have an informant, and you want to know who's telling you something about someone else, someone else has committed a crime. And then you want to know whether the informant is reliable. This is different because he's giving his own address. So it's not like he's informing on somebody else's criminal activity. He's just giving his own address. So I didn't see those cases as being directly on the case. I'm interested in your argument that there was information that he engaged in criminal activities, fabricated documents, et cetera. And so my question is, in a case where the person who's giving you, he gave his address in three different contexts, the same address, which in fact turned out to be the place that he had previously lived. If that person is involved in criminal conduct involving fraud, would that evidence never be probable cause, a fair probability that that's his address? Not in and of itself. And if you look at the case... Okay, so you would say as a general rule, if the person at issue has been engaged in criminality involving fraud, then even a driver's license with his address on it is not, would not create probable cause, absence, other type of information. Do I have your position correct? Partially. I am saying that, but this case is not simply he's involved in fraud. He's fabricating documents that show his identity. He's fabricating documents that he's presenting to people to commit the fraud. And under those circumstances, him producing a driver's license is not indicative of probable cause. Just based on the information available to the officer, would he have a probable cause to arrest Mr. Fisher for the crime of faking a Washington driver's license? I assume that's an offense under Washington law. I haven't checked, but... Would he have had probable cause? Yeah. He says, you're a dishonest man. You've given me this So then I guess what's a puzzle to me is, I mean, he's got this license. It has an address. It either is or isn't his address. It has to be one or the other. You're now saying you wouldn't have probable cause to arrest him on the theory that it's not his real address. The argument here is, you know, your overall argument here is there's not probable cause to believe that it is his address. I mean, doesn't it have to be one or the other? And probable cause is less than a doesn't have to be one or the other because the problem with the affidavit in this case is the lack of verification. Even if you look at the cases cited by defendant, the issue in each one of those cases is, did we have reliable information? And they're saying, well, because the officers use this database or that database, that makes the evidence reliable. So conversely, not doing that prior to applying for the search warrant under these circumstances makes that evidence non-reliable. And one of the things that I just wanted to point out, probable cause has two elements in these type cases. One is you have to have probable cause to believe that a crime has been committed and there's evidence of the crime going to be found at a particular place. That's one part of the probable cause standard. The other part of the probable cause standard is that that evidence is going to be found at the address on the search warrant. And in order to have probable cause that the address on the search warrant is reliable, there has to be some verification of the information that's provided by the person who's the object of the search or the person who's the object of the investigation. Particularly when you're dealing with a person who is a con man, who fabricates evidence. He even lied about where his car was parked. Can I ask you a question, sir? Can I ask you a question? So you just sort of focusing your argument by way of hyperbole. If there was a situation where a suspect was known to have fabricated identification addresses like driver's licenses and looking at that extreme example, it would seem to me to be pretty obvious that a magistrate judge should not rely or a judge should not rely on that type of information in determining the critical component of the matters that might be relevant to a to a search warrant, right? Yes. Okay. So you're arguing on that continuum of sort of reasonableness when we're dealing with probable cause that the situation here tips more like the one I just expressed in this hypothetical, correct? Correct, Your Honor. That's what I'm arguing. I see. So let me just ask you, and again, I'm going back to my sort of initial procedural question. Maybe it's a little bit more practical, but I'm trying to understand in my own mind what the implications of your argument is. Even if there was no probable cause to search Gill's house, the defendant officers are not liable if they can show that they reasonably relied on the warrant. The standard is very high, applies only when it is obvious that no reasonably competent officer would have concluded that the warrant should issue. That is probably still defendant's burden to raise as a defense, but given the jury's finding that the officers were not deceitful or negligent, it seems virtually certain that such a defense would succeed. So what's the point of remanding? Well, if you're talking about officers in general, I would agree with you. But when you're talking about the person who applied for the search warrant, and that person is also the person who interviewed him, that's also the person who was dishonest. That's also the person who wrote the affidavit based on what this person told him when it was clear he did not believe anything that this person was saying. He put in the affidavit for the search warrant that he lied about where he parked his car, and he put in the affidavit for the search warrant that he admitted that he had fraudulent documents. With respect to that defendant, he can't rely on the fact that a magistrate issued the search warrant based on the facts that he knew exactly what I'm arguing to the court now, that this person was dishonest. But isn't it the case? I thought that the additional research was done before, even though it wasn't put into the affidavit, that there was a search of the state licensing database showing the car registered to Mr. Fisher at that address, and a links database, and some other database. I didn't really recognize the acronym. So actually the individual who prepared the affidavit, although he didn't put those in, did additional corroborative research. Am I wrong about that? That's a dispute. I believe that would be a factual dispute for a jury to resolve because right after the interview took place between Detective McGann and Stephen Fisher, he wrote up the affidavit, and he put in the affidavit the three elements that supported the affidavit. He put in nothing after that. Right, it wasn't in the affidavit. So we look at what's in the affidavit to determine the probable cause for the magistrate, right? But I think Judge Braggerson was asking you about your issue is whether there was reasonable reliance on that, and you seem to indicate that because the individual who was executing the search warrant had prepared it that there was some different standard applying. Am I wrong? I guess I'm not following what you're arguing to me or what you're saying to me. I'm saying that the person who applied for the search warrant can't say that I relied on the magistrate issuing the search warrant when he prepared the search warrant affidavit himself, and he knew about the unreliability of the... But all of the unreliability... I'm sorry to interrupt. Judge Acuda, were you following your... No, please. Thank you. But when you read the affidavit itself, just pushing back on your argument, it's replete with references to how dishonest this individual was in terms of his willingness to fabricate. So I just make that point. But the other point I wanted to ask you about, and it's unclear in my mind, is that the driver's license date of issuance preceded the arrest, which was around mid-August, I believe, by some period of time. My memory says seven months, eight months. Is that correct? It was September that the driver's license was issued the prior year. Okay. According to what was on the driver's license. I see. I see. And then when your client was booked in connection with this robbery that he was arrested for, he put down this same address that was on his driver's license, correct? No. Well, that's not correct. That's what's in the affidavit. Okay. Okay. But it does say in the affidavit his booking address was what we now know as Ms. Gill's address. Yes. Is that correct? That's correct. Okay. So clarify the distinction between that fact and what the officer did that was incorrect. I'm confused. I'm saying that the affidavit that the officer prepared did not establish probable cause. And in response to what you had raised, I'm saying that the person who prepared the affidavit cannot rely on the fact that the magistrate issued the search warrant because he was aware of all of these issues in the first place. And he put them in the affidavit. And the magistrate looking at that affidavit and looking at all those issues regarding reliability and honesty should not have issued the warrant based on that affidavit. We took you over time, but we'll give you a minute for rebuttal. All right. Thank you. Thank you. Good morning. May it please the court, Rebecca Wedeen on behalf of the City of Seattle and Seattle Police Detectives Timothy Renahan and Michael McGann. I'll go ahead and jump into the probable cause issue first and address Judge Pregerson's point that he raised at the top of the argument here. All of plaintiff's Fourth Amendment and state law claims against Detectives McGann and Renahan went to a jury and were decided by a jury after a six day trial. The jury heard the evidence and decided that Detectives McGann and Renahan did not engage in judicial deception or even negligence in investigating probable cause, applying for the search warrant, and in executing the search warrant. Apart from her arguments on the respondeat superior issue and the attorney misconduct issue. Let me just follow up on one thing before it slips my mind. It seems like the, I believe there's, I don't recall the site right now, but I think it was one of my cases that went up all the way to the Supreme Court. And I think the finding was that an officer is not entitled to rely on even a magistrate judge or a judge's finding of probable cause if that officer is aware of some significant irregularity or lack of information or some significant flaw in the issuance of the warrant process. Is that your understanding of the law? Yes, your honor. I believe that was the Messerschmitt case, if I'm pronouncing that correctly. And yes, I believe that is the law. And the problem here is that those issues were decided by the jury in the judicial deception claim. The same issues that would be decided there would be decided if that issue was presented to the jury. And it would have been inconsistent to argue that. And that's because the standards are essentially equivalent or they're not identical. It would have been inconsistent for, if Judge Peckman had ruled that the warrant was facially invalid, it would have been inconsistent for the plaintiff to argue that the detectives were both deceiving the judge into signing a facially valid warrant, which is a judicial deception claim, while at the same time arguing that those same facts didn't establish probable cause. I think the issue is it's got to be one or the other, judicial deception or that warrant was so invalid on its face that the officers could not reasonably rely on it. You could deceive someone, but just not very effectively, right? So you deceive them by lying about some things or omitting some things. But even with the deception, you still might not have established probable cause, right? They're not logically inconsistent. Well, either way here, your honor, the jury did decide the issue of whether the detectives were deceptive, whether they were negligent, whether their investigation was improper in any way on the judicial deception claim. Opposing counsel says it's reckless, it's above negligence. Is that wrong? I'm sorry. That the mens rea element is recklessness, not negligence. Well, he had a negligence claim that was argued to the jury as well. So both were argued to the jury in terms of, and it's true, it's reckless, recklessness on the Fourth Amendment claim rather than negligence. That's the standard. But there was a negligence claim that was decided by the jury here. So it's, I think as Judge Pregerson noted, it's somewhat of an academic issue that we're arguing here in light of the jury verdict that has not been appealed. Whether or not the neutral magistrate Judge Lum correctly issued the search warrant based on the information provided by the detectives was a purely legal issue that was essentially mooted when Judge Peckman declined to grant the detectives request for qualified immunity and allowed all of plaintiffs claims to go to trial. Judge Peckman effectively foreclosed the detectives from arguing that they were relying on a facially valid warrant. So that issue, it's not as if the detectives were arguing at court that they were relying on this warrant and doing what they were doing. Their conduct, the same exact conduct is at issue. And the jury ruled on that conduct and found that there was no liability under any of the claims that the plaintiff has asserted here. Moving on now to the merits of the probable cause determination. Again, as this court noted, the standard is low according to the Cayley v. United States case. The fair probability standard is not a certainty. It's not a statistical probability. It's not a preponderance of the afforded great deference in making probable cause determinations and a party that's challenging it faces a very heavy burden. So with those two standards in mind, we look at the search warrant affidavit. And here, the affidavit told Judge Lum three things. It said that Fisher himself had identified the Lake Stevens address as his address. It said that that same address appeared on his recent jail booking sheet and also that it was on his driver's license. Now, counsels argued that the driver's license was not an independent source of information that officers should have relied on or that the magistrate should have relied on in verifying the address. I would argue that Judge Lum was entitled to rely on the experience of the detective involved here. At the beginning of the affidavit, the search warrant affidavit, it lists Detective McGann's over 30 years of experience with the Seattle Police Department. Twenty-two years of that was in the armed robbery unit. Judge Lum could have relied on his experience in evaluating this driver's license and determining whether it was fake or not. Officers are specially trained to... Isn't that essentially circular logic? He was really experienced so he could rely on a driver's license from a person who's a known fabricator. I'm not really following that. You're not arguing that there's a per se rule that just because driver's licenses have a particular address, that that necessarily satisfies probable cause in terms of an address, are you? Well, there is no per se rule, Your Honor. You're not arguing that the fact of a driver's license address always is going to satisfy a constitutional standard, are you? I am not. I don't think that anybody could make that argument because the standard is a fluid one. It's determined on a case-by-case basis. What I'm saying here is that similar to the magistrate in the Blight case where the court observed that the neutral magistrate could rely on the experience and the credibility determinations that the very experienced detective in that case had made, the same thing applies here. It could be that Judge Lum knew that Detective McGann was very experienced and likely had experience in spotting fake documents, probably more experienced than a layperson since he has been investigating crimes for 30 years. And the judge could rely on... The license wasn't fake. It just had a stale address. That's correct. I guess I'm looking... I'm arguing from what the judge, what Judge Lum could have been thinking at the time he made his probable cause determination. So even though there's evidence in the affidavit that he was, that Mr. Fisher was a con artist, as opposed to counsel says, that that didn't undermine the driver's license as being a source of information about the address. And you're saying that's because of his reliance on the police officer's expertise. Do I have your argument right? Yes, Your Honor. That's one of the arguments. And just the other argument is that it was also listed in other areas and he himself identified it. So I think the combination of the circumstances certainly meets the low standard, the low bar of probable cause here. When you say it was listed in other areas, you don't mean plural. You mean it was listed in another area? You're correct. Okay. Just to be he said during an interview that that's where he lived. He confirmed that he lived there with his mother. I mean, we know now it was a stale address, but at the time when looking at the four corners of the search warrant affidavit, that's what Judge Lum was looking at and that's the relevant consideration. Of course, the detectives did, after the fact, as was noted earlier, verify the address through other means as well, but that was not in the search warrant affidavit. Just to be clear, you can, to get an address for a driver's license, it's all self-reported. You tell the, in California it would be the Department of Motor Vehicles, what your address is and they that address and they issue a driver's license. I assume it's the same here. I believe that's correct, your honor. I would point out that... And they mail the license to you, right? Yeah. When the license is issued, it gets mailed to the address that you gave them. It can be. I think the important distinction here in terms of Fisher's credibility, he would have, seems like, little incentive to lie to the Department of Licensing. It's certainly not the same incentive that he would have had to lie to officers at the time of his questioning about where he lived. When he's being questioned, he may have an incentive for the officers not to go to his place of residence so that they don't find evidence of his suspected crimes. Most people, when they're getting a driver's license, which is needed for many things in daily life, they are not, they don't have the same incentive to lie. And here, the driver's license was issued the year before. It was before all of, any of these crimes took place. So, to that extent, the incentive's different. And I think it adds an addition of reliability to the driver's license that may not attach to his statements at the time of the questioning. I'd like to move on now to the respondeat superior issue, unless the court has any more questions on probable cause. Ms. Gill contends that the district court erred in preventing her from arguing to the jury that the city could be held vicariously liable for the negligence of other non-party officers who were involved in the execution of the search warrant besides Detectives McCann and Renahan. One of the main flaws with this argument is that Ms. Gill has not identified the particular ruling she is challenging or cited where in the record where we can find evidence of that ruling. And this has led to a little bit of confusion, I think, in the briefing on the applicable standard of review. So, I'd just like to address that first. In our brief, we identified the applicable standard of review as abuse of discretion as our best interpretation of Ms. Gill's argument was that she was challenging a pre-trial ruling made during the pre-trial conference. And we included in our supplemental excerpts the discussion with the court that we thought Ms. Gill might be referencing that's found starting at page 200 of the supplemental excerpts. In the reply brief, Ms. Gill clarifies for the first time that she is challenging an incomplete jury instruction on this issue. Again, she does not identify the allegedly incomplete instruction let alone provide any record evidence of it. There's also no evidence that she preserved the issue by way of objecting to it below. But assuming that we do look at this under Federal Rule of Civil Procedure 51D, the applicable standard of review is plain error because Ms. Gill did not object below. And more importantly, review by this court is discretionary if Ms. Gill did not object below. And the authority for that is the CB versus City of Sonora case 769 Fed Third 1005 out of this circuit 2014. Under CB, this court should only exercise its jurisdiction to review or to correct an erroneous jury instruction that was not objected to below if review is needed to quote, prevent a miscarriage of justice, meaning that the error seriously impaired the fairness, integrity, or public reputation of the judicial proceedings. I would submit that that very strict standard has not been met here. The court should exercise its discretion not to consider this issue. If the court does consider it the only jury instruction that Ms. Gill requested that even touches on the subject, we've listed in our supplemental excerpts at pages 202 to 203, and it's actually just limited to the quote, individual defendant detectives. And I see my time is about to be up. I would urge the court to affirm the judgment below in all respects. Thank you. Thank you. We'll give you a minute for rebuttal. Yes, Your Honor. Before I came in, I looked at the model instructions for the Ninth Circuit on the issues that we've been discussing here today. And it seems to me that I'm arguing that at the summary judgment stage, that's where the error was made with respect to the search warrant. If the court had ruled that there was no probable cause based on the four corners of the search warrant for the issuance of the search warrant, the court would have to rule that that issue was decided at least in terms of liability as a matter of law. And what would have gone to the with respect to respondeat superior and the detective's liability with respect to their actions. So the argument that the jury trial somehow, we can infer that the jury found that there was no problems with Detective McGann's affidavit. I don't think that's true at all. I think what would have happened is that the jury would have been deciding damages only, and we would have had a jury trial on whether or not there was probable cause for the issuance of the search warrant in and of itself. All right. I think we have your arguments. The case of Nancy Gill v. City of Seattle is submitted.
judges: IKUTA, MILLER, Pregerson